**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RICHARD PAGANI<br>Plaintiff<br>v.<br><br>MERIDEN BOARD OF EDUCATION, ELIZABETH M. RUOCCO, DAVID H. ROY, JOHN D. LINEEN, and DAVID H. FRIEDMAN<br>Defendants | : | CIVIL ACTION NO.:<br>3:05-CV-01115 (JCH)<br><br>DECEMBER 19, 2006 |

**RULING RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. No. 24].**

The plaintiff, Richard Pagani, brings this action, pursuant to Sections 1983 and 1988 of Title 42 of the United States Code, against defendants, Meriden Board of Education, Elizabeth M. Ruocco, David H. Roy, John D. Lineen, and David H. Friedman. In his Amended Complaint (Doc. No. 13), Pagani alleges retaliation in violation of his First Amendment rights. Pagani is suing each defendant in his/her individual capacity. This court has federal question jurisdiction over this Section 1983 action pursuant to Section 1331 of Title 28 of the United States Code.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendants have filed a Motion for Summary Judgment (Doc. No. 24). For the following reasons, the defendants' motion is GRANTED.

## I. STANDARD OF REVIEW

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is

entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). Once the moving party has met its burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 255. Further, the non-moving party must present such evidence as would allow a jury to find in his favor in order to defeat the motion. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000). "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

## II. BACKGROUND[1]

Pagani is a teacher employed by the Meriden Board of Education. At all times relevant to this complaint, defendant Elizabeth M. Ruocco was the Superintendent of Schools for the City of Meriden; defendant David H. Roy was the Director of Personnel for the Meriden Board of Education; defendant John D. Lineen was the Principal of

[1] For the purposes of this motion, the court accepts as true undisputed facts and resolves disputed facts in favor of Pagani where he provides evidence to support his allegations.

Lincoln Middle School in Meriden; and defendant Donald H. Friedman was the Assistant Principal of Lincoln Middle School. In September 2002, Pagani was a science teacher and Chair of the Science Department at Lincoln Middle School.

On September 12, 2002, two Lincoln Middle School students approached Pagani, informing him that a substitute science teacher had shared a photograph album memorializing that substitute teacher's trip to Europe. L. R. 56a (1) Stat. ¶ 17.[2] Inside the photo album was a picture of him posing nude with two nude females. Id. The two students reported to Pagani that they and a number of other students had viewed this photograph. Id. at ¶ 18.

On September 16, 2002, Pagani, accompanied by Erin Benham, Assistant to the President of the Meriden Federation of Teachers, informed Pagani's supervisor, Lineen, of the incident involving the students and the photograph. L.R. 56a (2) Stat. at ¶ 3. Lineen advised Pagani against reporting the incident to Connecticut Department of Children and Families ("DCF"). Id. at ¶ 5.

On September 18, 2002, after consulting with Dr. Gary Blau, Executive Administrator of DCF, Pagani filed a verbal complaint with DCF. Id. at ¶ 7. On September 19, 2002, Pagani claims that Lineen came to Pagani's classroom and instructed him to promptly report to Ruocco's office. Id. at ¶ 10.

At the September 19, 2002, meeting with Ruocco, Pagani was informed that he was reassigned to the position of permanent substitute at Maloney High School,

[2]The defendant's Local Rule 56 (a) (1) Statement (Doc. No. 24) and the plaintiff's Local Rule 56 (a) (2) Statement (Doc. No. 26) will be cited as "L.R. 56a (1) Stat." and L.R. 56a (2) Stat.," respectively.

effective September 20, 2002. L. R. 56a (1) Stat. ¶ 27. Subsequently, Ruocco began termination proceedings against Pagani. Id. at Ex. N. Pagani filed a grievance contesting his transfer. Id. at ¶ 30.

On October 1, 2002, Pagani followed up his September 18, 2002 oral report to DCF with a written report detailing the incident of the photograph and the students. Id. at Ex. P. Subsequently, within a month of Pagani's transfer to Maloney High School, he was reassigned from the position of permanent substitute to that of supervisor of in-school suspension students in a basement classroom. L.R. 56a (2) Stat. at ¶ 11.

After three failed grievance proceedings, Pagani pursued arbitration. L. R. 56a (1) Stat. ¶ 31. On August 20, 2003, Pagani agreed to withdraw his grievances and waive his right to appeal the arbitration as a condition of his reinstatement as a science teacher at Lincoln Middle School. Id. at ¶ 34 and Ex. Q.

## III. DISCUSSION

Pagani alleges that the defendants, in retaliation for Pagani's report to DCF, demoted Pagani to the position of permanent substitute and later to supervisor of in-school suspension students. Amd. Compl. at ¶ ¶ 13 & 17 (Doc. No. 13). Further, after Pagani's initial removal from Lincoln Middle and transfer to Maloney High, Pagani alleges that Ruocco sought to terminate Pagani's teaching contract. Id. at ¶ ¶ 13 & 14. Pagani concedes that he was never specifically told by the defendants that Pagani's transfer was in response to the DCF report. However, Pagani asserts that the timing of the move on September 19 is obviously suspect, coming the day after Pagani filed a complaint with DCF (September 18, 2002), despite Lineen's alleged request not to do so on September 16, 2002. L.R. 56a (2) Stat. at ¶ 28.

The defendants challenge Pagani's claim, arguing primarily that Pagani's transfer was a direct response, not to the filing of the DCF claim, but to what the defense defines as an "inability to maintain regular attendance."[3] The defendants concede that Pagani's transfer was an adverse employment action. However, the defendants assert that the transfer was in response to Pagani's extensive absences from work and that Pagani cannot establish the necessary causal connection between his protected speech, filing of the DCF claim, and the adverse action, the transfer. In their Motion for Summary Judgment, the defendants argue that Pagani cannot demonstrate a violation of his First Amendment Rights.

A recent Supreme Court decision, Garcetti v. Ceballos, __ U.S. __ (2006), 126 S.Ct. 1951 (2006), addressed the issue of what constitutes a violation of a public employee's First Amendment rights and controls this court's ruling on the pending motion. This court finds that the filing of a DCF report by a Connecticut school teacher is not protected expression under the First Amendment of the Constitution and as such this court cannot, as a matter of law, grant Pagani relief for actions taken by the defendants in this case, even if those actions were in retaliation for the DCF report.

It is a well established principle that, "public employees do not surrender all their First Amendment rights by reason of their employment." Garcetti, 126 S. Ct. at 1957. Furthermore, "while government enjoys significantly greater latitude when it acts in its

[3] The defendants offer evidence that Pagani missed 322 teacher work days over two school years due to a work-related injury and a subsequent stroke. Defendants contend that Pagani's re-assignment was necessary to protect the interests of the students and provide a consistent teacher presence in the science department. Letter from Elizabeth M. Ruocco to James C. Ferguson (September 27, 2002), Ex. N to Local Rule 56a (1) Stat.

capacity as an employer than when it acts as a sovereign, the First Amendment nonetheless prohibits it from punishing its employees in retaliation for the content of their protected speech." Locurto v. Safir, 264 F.3d 154, 166 (2d Cir. 2001). However, public employees who make statements pursuant to their official duties are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline. Garcettti, 126 S. Ct. at 1960. The First Amendment protects a public employee's right, in certain instances, to speak as a citizen addressing matters of public concern. Id. at 1957. A public employee alleging an adverse employment action as retaliation for the exercise of his First Amendment rights must initially show that the speech at issue was made as a citizen on a matter of public concern, rather than as an employee on matters of personal interest. Zelnik v. Fashion Inst. of Tech., 464 F.3d 217, 225 (2d Cir. 2006); Cobb v. Pozzi, 363 F.3d 89, 102 (2d Cir. 2004). Thus, the court turns first to the question of whether Pagani spoke as a citizen on a matter of public concern. Id. at 1958; Pickering v. Board of Educ., 391 U.S. 563, 568, 88 (1968).

Pagani argues that the filing of the DCF report was the protected expression triggering the retaliatory adverse employment action. Implicit in this allegation is that the filing of a DCF report is a protected form of speech under the First Amendment. Pagani concedes that reporting incidents of child abuse is a legally mandated requirement of his job as a teacher and falls within the scope of his professional duties. In fact, pursuant to Conn. Gen. Stat. §17a-101 and 17a-101a, school teachers in Connecticut are legally mandated to report incidents of suspected child abuse. Pagani testified in his deposition that Lincoln Middle School has a written policy on the

reporting of such incidents to DCF. L.R. 56a (2) Stat., Ex. A at 66. In his deposition, Pagani further described a situation in which a teacher had previously failed to file a DCF report in violation of the law. Id. at pg 67. At that time the faculty attended a training session where they were re-educated on the DCF statute.

The circumstances of this case are somewhat analogous to those of Garcetti. In Garcetti, Richard Ceballos, a deputy district attorney for a county district attorney's office, prepared a memo, pursuant to his duties as a prosecutor, that challenged the accuracy of information in an affidavit submitted to obtain a search warrant. Ceballos sought to have the text of that memo deemed protected speech. However, the Supreme Court found that Ceballos wrote the memo pursuant to his employment duties and as such he was not entitled to First Amendment protection for the memo's contents. Garcetti, 126 S. Ct. at 1956.

When making the report to DCF, Pagani understood he was doing so because, as an educator, he had a duty to do so. In his Amended Complaint, Pagani states "after confirming the accuracy of the report and careful consideration of his obligations as a licensed educator . . . the plaintiff informed Lineen that he was legally required, under Connecticut law, to report this fact to the Connecticut Department of Children and Families." Amd. Compl. at ¶ 9. This court agrees and holds that reports to DCF by a teacher in Connecticut are made "pursuant to their official duties." Garcetti, 126 S. Ct. at 1960.

School teachers are mandated by Connecticut law to report incidents of child abuse to DCF. Conn. Gen. Stat. §17a-101. Pagani, aware of his official duty, was not speaking as a citizen but as a teacher performing a duty imposed on him as a result of

his position. "When he went to work and performed the tasks he was paid to perform, [Pagani] acted as a government employee." Id. Therefore, as a matter of law, he does not have protection against retaliation for his report to DCF. This court concludes that Pagani is not insulated from employer discipline because he was not a citizen speaking out on a matter of public concern, but rather an employee legally mandated by statute and written policy to report incidents of child abuse to DCF.

IV. **CONCLUSION**

Based on the foregoing, the defendants' Motion for Summary Judgment (Doc. No.24) is GRANTED. The clerk is hereby directed to close the case.

**SO ORDERED**

Dated this 19th day of December, 2006 at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge